*412 The finding of permanent neglect was supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]). Petitioner agency exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, assisting respondent in filling out applications for housing, reminding him of the importance of submitting the additional documents required to complete the applications, referring him for parenting skills and anger management programs, and scheduling visitation. Despite these efforts, respondent failed to plan for the child’s future during the relevant time period. Indeed, respondent failed to obtain suitable housing, tested positive for opiates, and was arrested for selling narcotics shortly after the agency planned a trial release of the child to his care (see Matter of Natasha Denise B. [Montricia Denise C.], 104 AD3d 457 [1st Dept 2013]).
A preponderance of the evidence shows that termination of respondent’s parental rights was in the best interest of the child, who had been in foster care nearly her entire life, where she was well cared for (see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment is not warranted, since respondent significantly delayed addressing the problems that remained unresolved at the time of disposition, including the failure to obtain suitable housing (see Matter of Shaqualle Khalif W. [Denise W.], 96 AD3d 698 [1st Dept 2012]). Concur — Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark JJ.